IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. DETTNER,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 25-cv-06866-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is the "Motion to Dismiss Plaintiff's Complaint," filed by August 20, 2025, by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Lovelyn Adinig's ("Adinig"). Plaintiff David A. Dettner ("Dettner") has not filed a response thereto.[1]

Having read and considered the motion, the Court finds the matter appropriate for determination on the moving papers, VACATES the hearing scheduled for October 3, 2025, and will, as set forth below, grant the motion and dismiss the Complaint for failure to state a cognizable claim:[2]

---

[1] As the Court pointed out in its Order filed September 5, 2025, any opposition was due no later than September 3, 2025. (See Doc. No. 13 at 2:25-28.)

[2] Defendants, in addition to arguing the Complaint fails to state a claim, argues that Adinig, a resident of Nevada (see Adinig Decl. ¶ 2) is not subject to personal jurisdiction in the Northern District of California, relying on statements she makes that she has never acted as the trustee of the trust identified in the Complaint and that she has never spoken to Dettner (see id. ¶¶ 5-7). Those arguments, however, are "intertwined with the merits," and, in light of the Court's finding that the Complaint is subject to dismissal for failure to state a claim, the Court does not separately address the personal jurisdictional arguments. See Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1285 n.2 (9th Cir. 1977) (explaining, "[w]here the jurisdictional facts are intertwined with the merits, a decision on the jurisdictional issues is dependent on a decision on the merits").

1. The First Cause of Action, asserting a claim for fraud, misrepresentation, and deceit, is subject to dismissal, for the reason that Dettner (a) fails to allege the false or misleading statement(s) on which the claim is based, as well as who made the statement(s), when and where the statement(s) were made, and why the statement(s) were false when made, see Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (holding "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged") (internal quotation and citation omitted); see also Fed. R. Civ. P. 9(b) (providing "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting the fraud"), and (b) fails to allege any facts to support his conclusory allegation that he relied to his detriment on any such statement(s), see id. at 1105 (holding "indispensable elements" of a fraud claim "include . . . justifiable reliance") (internal quotation and citation omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "conclusory statements" fail to state cognizable claim for relief).

2. The Second Cause of Action, alleging a claim for negligent misrepresentation, is subject to dismissal, for the reason that Dettner (a) fails to allege the false or misleading statement(s) on which the claim is based and (b) fails to allege any facts to support his conclusory allegation that he relied to his detriment on any such statement(s). See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007) (holding "elements of negligent misrepresentation" include "the misrepresentation of a past or existing material fact" and "justifiable reliance on the misrepresentation").

3. The Third Cause of Action, asserting a claim for conversion, is subject to dismissal, for the reason that Dettner fails to allege facts to support a finding that either defendant engaged in an act of conversion of the funds held in a trust referenced in the Complaint.[3]  See Lee v. Hanley, 61 Cal. 4th 1225, 1240 (2015) (holding "elements of a conversion claim" include "the plaintiff's ownership or right to possession of the property"

---

[3] Dettner alleges that his mother is the "primary beneficiary" of an irrevocable trust and that he and two siblings are "[s]econdary [b]eneficiaries" of the trust.  (See Compl. ¶¶ 11-12.)

2

1   and "the defendant's conversion by a wrongful act or disposition of property rights")

2   (internal quotation and citation omitted).

3         4. The Fourth Cause of Action, asserting a claim for breach of contract, is subject

4   to dismissal, for the reason that Dettner (a) fails to identify the provision(s) of the

5   agreement(s) he contends has/have been breached, see Twaite v. Allstate Ins. Co., 216

6   Cal. App. 3d 239, 252 (1989) (holding, "[t]o state a cause of action for breach of contract,

7   it is absolutely essential to plead the terms of the contract either in haec verba or

8   according to legal effect"), and (b) fails to allege facts to support a finding that either

9   defendant engaged in an act that breached any such provision(s), see id. (holding plaintiff

10  must allege "the terms of the [contract]" he asserts "ha[ve] been breached" by

11  defendant).

12        5. The Fifth Cause of Action, asserting a claim for "Promissory Estoppel," is

13  subject to dismissal, for the reason that Dettner (a) fails to allege any promise either

14  defendant made to him and (b) fails to allege any facts to support his conclusory

15  assertion that he relied to his detriment on the unidentified promise(s). See Granadino v.

16  Wells Fargo Bank, N.A., 236 Cal. App. 4th 411, 416 (2015) (holding "elements of a

17  promissory estoppel claim" include "a promise clear and unambiguous in its terms" and

18  "reliance by the party to whom the promise is made") (internal quotation and citation

19  omitted).

20        6. The Sixth Cause of Action, asserting a claim for breach of the implied covenant

21  of good faith and fair dealing, is subject to dismissal, for the reason that Dettner, as

22  discussed above, fails to allege the terms of the contract at issue, let alone any conduct

23  by either defendant that frustrated Dettner's rights under such contract. See Racine &

24  Laramie, Ltd. v. Department of Parks & Recreation, 11 Cal. App. 4th 1026, 1031-32

25  (1992) (holding covenant of good faith and fair dealing "is implied as a supplement to the

26  express contractual provisions, to prevent a contracting party from engaging in conduct

27  which (while not technically transgressing the express covenants) frustrates the other

28  party's rights to the benefits of the contract") (internal quotation and citation omitted).

7. The Seventh Cause of Action, asserting a claim of negligence, is subject to dismissal, for the reason that Dettner fails to allege facts to support a finding that either defendant breached a duty owed to him, and, to the extent Dettner may be attempting to allege that one of the defendants is the trustee of the irrevocable trust referenced in the Complaint, he fails to allege facts to support a finding that the trustee engaged in an act or omission in breach of a duty owed by such trustee to him.  See Vasquez v. Residential Investments, Inc., 118 Cal. App 4th 269, 278 (2004) (holding "elements of a cause of action for negligence" include defendant's "duty to use due care" and defendant's "breach[ ] [of] that duty") (internal quotation and citation omitted).

8. The Eighth Cause of Action, asserting a claim for breach of fiduciary duty, is subject to dismissal, for the reason that, assuming, again, Dettner is attempting to allege that one of the defendants is a trustee, he fails to allege facts to support a finding that the trustee acted in breach of an obligation owed under the terms of the trust or arising from some other source.  See Gutierrez v. Giraldi, 194 Cal. App. 4th 925, 932 (2011) (holding "elements of a cause of action for breach of fiduciary duty" include "existence of a fiduciary duty" and "breach of the fiduciary duty") (internal quotation and citation omitted).

9. The Ninth Cause of Action, asserting a claim for aiding and abetting a breach of fiduciary duty, conversion, misappropriation of funds, and fraud, is subject to dismissal, for the reason that Dettner fails to allege sufficient facts to support a finding that any breach of fiduciary duty, conversion, misappropriation, or fraud has occurred.  See Richard B. LeVine, Inc. v. Higashi, 131 Cal. App. 4th 566, 574 (2005) (holding claim for abetting and abetting "depends upon the actual commission of a tort").

**CONCLUSION**

For the reasons stated above, the motion to dismiss is hereby GRANTED and the Complaint is DISMISSED.  Should Dettner wish to file a First Amended Complaint for purposes of curing the deficiencies, any such FAC shall be filed no later than October 17, 2025.

//

Lastly, in light of the above ruling, the Case Management Conference is hereby CONTINUED from November 21, 2025, to January 16, 2026, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than January 9, 2026.

**IT IS SO ORDERED.**

Dated: September 24, 2025

MAXINE M. CHESNEY
United States District Judge